**PARKER METAL GOODS COMPANY,**
Plaintiff,

v.

**R. M. S. ELECTRONICS, INC.,**
Defendant.

United States District Court
S. D. New York.
May 27, 1965.

———◇———

Irving Seidman, New York City, for plaintiff.

Hubbell, Cohen, Stiefel & Fiddler, New York City, for defendant.

CASHIN, District Judge.

The complaint in this action alleges two causes of action. In the first, the plaintiff charges patent infringement. In the second, it alleges unfair competition.

The defendant moves to dismiss the latter cause on the basis of two recent Supreme Court decisions. Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); Compco Corp. v. Day-Brite Lighting, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964).

In the Compco case the Court held, at page 237, 84 S.Ct. at page 782:

"* * * Today we have held in Sears, Roebuck & Co. v. Stiffel Co. [supra], that when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain. * * "

The defendant claims that the plaintiff's second cause is based solely on invalid state prohibitions and must be dismissed.

In both the Sears and Compco cases, the Court noted that the federal patent laws do not prevent the states from imposing liability upon a manufacturer who deceives the public by palming off his goods as those of another. Compco Corp. v. Day-Brite Lighting, supra, at page 238. At trial, the plaintiff in this action may prove "copying" and nothing more. On the other hand, the second cause of action is phrased broadly enough to permit the plaintiff to prove "palming off" or some other competitive tort which remains unaffected by the Supreme Court holdings. The second cause of action states a claim under which legal relief may be granted, and it cannot be dismissed at this time.

Even assuming that the plaintiff's cause is limited to "copying", there is an alternative reason for denying the defendant's motion. The plaintiff's patents have not yet been adjudicated valid or invalid. That issue must wait for

trial. The Compco and Sears cases held that when an article is *unpatented*, a state may not prohibit the copying of the article or award damages for such copying. This holding may, however, be expressive of a broader federal policy which would prevent a state from imposing liability for the copying of a *patented* article as well. Should the plaintiff's patents be held invalid, and the essence of the second cause is "copying'" then comment upon the scope of this new federal policy would be unnecessary in this case. It is inappropriate for this court to make rulings in this delicate area which may be entirely gratuitous.

Motion denied.

It is so ordered.